THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK JONES and MICHAEL MCKEE, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>FORD MOTOR COMPANY, a Delaware corporation,<br><br>                    Defendant. | No. 3:21-cv-05666-BHS<br><br>**DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS**<br><br>**NOTED FOR CONSIDERATION:**<br>**November 19, 2021**<br><br>**ORAL ARGUMENT REQUESTED** |

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1
II. BACKGROUND ................................................................................................................. 2
   A. Washington's Privacy Act ........................................................................................... 2
   B. Plaintiffs' Allegations .................................................................................................. 3
      1. According to the Complaint, Plaintiff Mark Jones's vehicle downloaded, recorded, and retained text messages. ................................................................................ 3
      2. The Complaint's allegations of injury ................................................................. 4
III. ARGUMENT ...................................................................................................................... 5
   A. Legal Standard ............................................................................................................. 5
   B. Ford did not record or intercept text messages. .......................................................... 6
   C. Plaintiffs do not sufficiently allege the specific forms of injury the WPA requires. ... 7
   D. The Complaint fails to allege any impermissible recording or interception took place. .. 9
      1. Plaintiffs consented to have their text messages recorded. ................................. 9
      2. Plaintiffs do not sufficiently allege interception ................................................ 11
   E. Plaintiffs' claims for declaratory and injunctive relief, which are not standalone causes of action, must be dismissed. ................................................................................. 13
IV. CONCLUSION ................................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
     556 U.S. 662 (2009) ..................................................................................................5, 8, 9

*Associated Gen. Contractors of Am. v. Metro. Water Dist. of S. California*,
     159 F.3d 1178 (9th Cir. 1998) ..............................................................................................5

*Bell Atl. Corp. v. Twombly*,
     550 U.S. 544 (2007) ..........................................................................................................5, 6

*Brinkley v. Monterey Fin. Servs., LLC*,
     340 F. Supp. 3d 1036 (S.D. Cal. 2018) ..................................................................................7

*Cyr v. Wash.*,
     2013 WL 179939 (W.D. Wash. Jan. 16, 2013) ....................................................................13

*Hummel v. Nw. Tr. Servs., Inc.*,
     180 F. Supp. 3d 798 (W.D. Wash. 2016) .............................................................................13

*Kearney v. Kearney*,
     95 Wn. App. 405 (1999) ........................................................................................................2

*Kwai Ling Chan v. Chase Home Loans Inc.*,
     2012 WL 1252649 (W.D. Wash. Apr. 13, 2012) .................................................................13

*Russo v. Microsoft Corp.*,
     2021 WL 2688850 (N.D. Cal. June 30, 2021) .......................................................................8

*State v. Christensen*,
     153 Wn.2d 186 (2004) .........................................................................................................12

*State v. Faford*,
     128 Wn.2d 476 (1996) .........................................................................................................12

*State v. Fowler*,
     157 Wn.2d 387 (2006) .......................................................................................................2, 5

*State v. Glant*,
     13 Wn. App. 2d 356, 365-66 (2020) .......................................................................10, 11, 12

*State v. Kohonen*,
     192 Wn. App. 567 (2016) ......................................................................................................8

*State v. Racus*
    7 Wn. App. 2d 287, 300 (2019) ................................................................................10, 12

*State v. Roden*,
    169 Wn. App. 59 (2012), *rev'd on other grounds*, 179 Wn.2d 893 (2014) .............................10

*State v. Roden*,
    179 Wn.2d 893 (2014) ...........................................................................................6, 11

*State v. Townsend*,
    147 Wn.2d 666 (2002) ..................................................................................6, 10, 11, 12

*Stewart v. M&T Mortg. Corp.*,
    2012 WL 5421708 (W.D. Wash. Nov. 6, 2012) ...................................................................13

*Streamline Bus. Grp., LLC v. Vidible, Inc.*,
    2016 WL 3523033 (E.D. Pa. June 27, 2016) .....................................................................2, 7

*Veridian Credit Union v. Eddie Bauer, LLC*,
    295 F. Supp. 3d 1140 (W.D. Wash. 2017) ..........................................................................13

**Statutes**

Declaratory Judgment Act ..............................................................................................13

RCW 9.61.260 ...........................................................................................................8

RCW 9.73.030 ....................................................................................................2, 6, 10

RCW 9.73.040 .........................................................................................................2, 7

RCW 9.73.060 ....................................................................................................1, 2, 7, 9

Washington's Privacy Act ....................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..................................................................................................1

Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-
    webster.com/dictionary/record (Sept. 30, 2021).........................................................................6

Defendant Ford Motor Company ("Ford"), pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves for an order dismissing Plaintiffs' Class Action Complaint (the "Complaint").

## I. INTRODUCTION

Plaintiffs' Complaint does not allege Ford ever recorded, intercepted, or accessed Plaintiffs' text messages. Rather, at most, the Complaint alleges Ford *vehicles*—after purchase and with no ongoing connection to Ford—captured users' text messages. These allegations, that a device after purchase may have recorded or intercepted text messages, do not support a cognizable claim under Washington's Privacy Act (RCW 9.73 *et seq.*) (the "WPA"), which pertains to individuals/entities that record or intercept communications—and sets no restrictions on device manufacturers. Plaintiffs' core theory on which their case rests is thus fundamentally flawed, requiring dismissal.

The Complaint also fails for two additional independent reasons.

*First*, Plaintiffs do not adequately allege the specific forms of injury the WPA requires to maintain a cause of action. The Court will see, if it is not already aware, that there is a dearth of cases in which plaintiffs file lawsuits under WPA. The reason for this lack of litigation is the WPA's mandate that private lawsuits are only permitted when plaintiffs can establish injury to their "business, . . . person, . . . or . . . reputation." RCW 9.73.060. Because the recording or interception of communications rarely leads to these forms of injury, few cases are filed. Here, Plaintiffs do not adequately allege any of the specific forms of injury the WPA requires.

*Second*, the Complaint fails to allege any impermissible recording or interception took place. Washington courts have repeatedly held that those who send electronic communications, such as emails and text messages, understand these messages will be preserved in multiple forms and thus impliedly consent to the recording of such messages. The reasoning of these cases applies here where both Plaintiffs necessarily understood their messages would be preserved in multiple forms, including on the many devices through which people send and receive text messages. Plaintiffs thus cannot state a claim for recording or interception under the WPA.

## II. BACKGROUND

**A.  Washington's Privacy Act**

The WPA prohibits the recording of private telephone communications (*i.e.*, calls between two individuals) when the recording is conducted in the state of Washington and when consent is not obtained from all the participants in the communication.  *See* RCW 9.73.030; *State v. Fowler*, 157 Wn.2d 387, 395 (2006) (holding the WPA does not apply to telephone calls with Washington residents when recording of the calls occurs in another state); *Kearney v. Kearney*, 95 Wn. App. 405, 413 (1999) ("To violate the [Washington] privacy act, one must record or intercept a private telephone conversation without consent of the other.").  Specifically, the WPA states in relevant part:

> [I]t shall be unlawful for any individual, partnership, corporation, association, or the state of Washington, its agencies, and political subdivisions to intercept, or record any: Private communication transmitted by telephone, telegraph, radio, or other device between two or more individuals between points within or without the state by any device electronic or otherwise designed to record and/or transmit said communication regardless how such device is powered or actuated, without first obtaining the consent of all the participants in the communication …

RCW 9.73.030(1)(a).  Law enforcement may record or intercept communications under the WPA if they properly obtain a court order.  RCW 9.73.040.

The WPA also contains a private right of action for anyone "claiming that a violation of this statute has injured his or her business, his or her person, or his or her reputation."  RCW 9.73.060.  Violation of the statute alone does not satisfy this requirement; rather, Plaintiffs must show they actually suffered an injury to their person, business, or reputation to maintain a claim.  *See Streamline Bus. Grp., LLC v. Vidible, Inc.*, 2016 WL 3523033, at *8 (E.D. Pa. June 27, 2016) (interpreting WPA and holding "Streamline must plead an injury to its business, person, or reputation, in addition to a violation of the [Washington] Privacy Act, in order [to] sufficiently state a civil cause of action for damages thereunder").

**B.    Plaintiffs' Allegations**

    **1.    According to the Complaint, Plaintiff Mark Jones's vehicle downloaded, recorded, and retained text messages.**

Plaintiffs allege Ford violated the WPA because certain *vehicles* Ford manufactured stored copies of text messages when a user connected his or her smartphone to a vehicle. *See generally* Dkt. No. 1-2 ("Compl."). Specifically, the Complaint alleges Ford vehicles contain "infotainment systems" that "include methods for the system to connect to a smartphone, both by USB and by Bluetooth." *Id.* at ¶¶ 10-11. The infotainment systems, the Complaint asserts, "interface with the smartphone's text messaging system," working with at least CarPlay for iPhones and Android Auto for Android smartphones, and "download a copy of all text messages from connected smartphones and store them in onboard computer memory." *Id.* at ¶¶ 15-16, 27.

Plaintiff Mark Jones, who allegedly "owns a 2021 vehicle manufactured by Ford," claims each of the text messages on his smartphone "was downloaded and recorded onto [his vehicle's] onboard vehicle memory by his Ford vehicle's infotainment system," and that this vehicle's infotainment system "wrongfully retains the recorded copy of [his] text message[s] for more than ten days." Compl. at ¶¶ 32, 40, 43.

Plaintiff Michael McKee, who does not allege he owned a Ford vehicle, claims he "sent at least one text message to Plaintiff Jones" over the three years preceding the Complaint. Compl. at ¶ 44. Because "Jones thereafter connected his smartphone to the infotainment system in his Ford vehicle," the Complaint alleges "Jones' Ford vehicle's infotainment system wrongfully retain[ed] the recorded copies of" text messages, including McKee's text messages. *Id.* at ¶¶ 45, 49.

Absent from the Complaint are allegations that *Ford*, in any way, recorded or intercepted Plaintiffs' text messages. Rather, the Complaint's allegations, accepted as true, at most establish Jones's *vehicle*, through its onboard infotainment system, stored text messages. *See* Compl. at ¶¶ 10-17 (describing how infotainment systems in Ford *vehicles* interfaced with smartphones); *id.* at ¶ 21 ("vehicle infotainment systems in Ford *vehicles*" download text messages and store them "on

the *vehicle*") (emphasis added); *id.* at ¶¶ 27-31 (text messages were stored on Ford *vehicles*); *id.* at ¶ 35 ("The infotainment system on Plaintiff Jones' Ford *vehicle* is a device designed to record text communications.") (emphasis added); *id.* at ¶ 40 ("each text message … was downloaded and recorded onto onboard *vehicle* memory by [Jones's] Ford *vehicle's* infotainment system") (emphasis added); *id.* at ¶ 46 ("McKee's text message to Plaintiff Jones was downloaded and recorded onto onboard *vehicle* memory by Plaintiff Jones' Ford *vehicle's* infotainment system") (emphasis added); *id.* at ¶¶ 43 & 49 ("Jones' Ford *vehicle's* infotainment system wrongfully retains" text messages) (emphasis added).

Also lacking from the Complaint is any allegation Jones's vehicle transmitted these text messages to Ford (or anyone else), or that Ford accessed, or had the ability to access, text messages the vehicle allegedly stored. The Complaint's ***only*** allegations regarding access to text messages concern Berla Corporation ("Berla"), a third-party company unaffiliated with Ford. Compl. at ¶ 29. Berla, which is not a party to this lawsuit, manufactures equipment that law enforcement allegedly uses to extract stored text messages from vehicles. *Id.* at ¶¶ 18, 30, 31. Despite describing law enforcement's use of Berla, Plaintiffs make no allegations (1) Berla—or any other third party—ever accessed their text messages or (2) that Berla operated at Ford's direction, that Ford instructed Berla to make recordings, or that Ford and Berla are affiliates.

### 2. The Complaint's allegations of injury

"Ford's interception and/or recording of Plaintiff Jones' text messages," according to the Complaint, "has injured Plaintiff Jones" because his "private and confidential text messages now reside on his Ford vehicle, can be accessed by Berla systems, … cannot be deleted by Plaintiff Jones," and are "accessible at any time by law enforcement, by Berla, and by similar private actors." Compl. at ¶ 55. Jones additionally claims Ford has "depriv[ed] him of the right and ability to engage in private text communications without unwillingly allowing Ford to intercept and record a copy for access by third parties such as Berla and law enforcement." *Id.* at ¶ 56.

Similarly, with respect to McKee, the Complaint asserts the vehicle's supposed recording of his text messages injured him because his "private and confidential text messages now reside on Plaintiff Jones' Ford vehicle, … can be accessed by Berla systems, … cannot be deleted by either Plaintiff," are accessible by law enforcement, Berla, and similar private actors, and because Ford has "depriv[ed] him of the right and ability to engage in private text communications without unwillingly allowing Ford to intercept and record a copy for access by third parties such as Berla and law enforcement." Compl. at ¶¶ 60-61.

Plaintiffs further allege, without additional facts, that Ford has "injured the[ir] person," Compl. at ¶ 78; however, they provide no explanation of how the alleged recording of text messages caused them personal injury.

Based on these allegations, Plaintiffs bring claims for violations of the WPA, as well as declaratory and injunctive relief, and seek to certify a class of "[a]ll persons, who within three years prior to the filing of the Complaint [August 9, 2021], had their text messages recorded by the infotainment system in a Ford vehicle (Ford or Lincoln) while a resident of the State of Washington."[1]  Compl. at ¶¶ 62, 72-86.

### III.   ARGUMENT

**A.   Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotations and citation omitted); *see also Associated Gen. Contractors of Am. v. Metro.*

---

[1] Although Plaintiffs define their putative class to include all persons who had their messages recorded while "a resident of the state of Washington," the scope of the WPA is defined by where the recording occurred, not whether the person being recorded was a Washington resident. *See Fowler*, 157 Wn.2d at 395 (holding WPA does not apply to telephone calls with Washington residents when recording of the calls occurs in another state).

FORD'S MOTION TO DISMISS - 5  
Case No. 3:21-cv-05666-BHS

DLA Piper LLP (US)  
701 Fifth Avenue, Suite 6900  
Seattle, WA  98104-7029 | Tel: 206.839.4800

*Water Dist. of S. California,* 159 F.3d 1178, 1181 (9th Cir. 1998) ("[C]onclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss.") (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

**B.   Ford did not record or intercept text messages.**

Plaintiffs' allegations, even if accepted as true, do not establish Ford recorded or intercepted Plaintiffs' text messages. Rather, the Complaint, at most, asserts Jones's ***vehicle***—not Ford—recorded text messages through the onboard infotainment system. *See supra*, § II.B.1 (citing Compl. at ¶¶ 10-17, 21, 27-31, 35, 40, 46, 43, 49). Nowhere does the Complaint allege ***Ford*** did any recording (or intercepting), that Jones's vehicle transmitted stored text messages to Ford, or that Ford otherwise had access to text messages.[2]

Put simply, Plaintiffs allege a device—not an individual or entity—made a recording. This is not a cognizable claim under the WPA, which makes it unlawful for "any **individual, partnership, corporation, association, or the State of Washington, its agencies, and political subdivisions to** intercept, or record …." RCW 9.73.030(1) (emphasis added). Allegations that a device, on its own, made a recording plainly fall outside the statute. Moreover, the WPA does not prohibit the manufacturing of devices that make recordings—the statute says nothing about entities that create devices capable of recording or intercepting. *See* RCW 9.73.030. Ford is not accessing any of the alleged text correspondence. It is alleged to have done nothing more than manufacture a vehicle with limited recording capability. In the present situation, Ford is akin to the manufacturer of any device that can record on its own, *e.g.*, tape recorders, smartphones, or

---

[2] The WPA does not define "record" or "intercept," but Washington courts have applied the ordinary dictionary definitions to undefined terms in the WPA. *See, e.g.*, *State v. Roden*, 179 Wn.2d 893, 904 (2014) (using dictionary definition to define "intercept"); *State v. Townsend*, 147 Wn.2d 666, 673 (2002) (using dictionary definition to define "private"). The ordinary dictionary definition of "record" is "to deposit an authentic official copy of" or "to register permanently by mechanical means." "Record," Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/record (Sept. 30, 2021). "Intercept" means to "stop ... before arrival ... or interrupt the progress or course." *Roden*, 179 Wn.2d at 904 (citing Webster's Third New International Dictionary 1176 (2002)).

Case No. 3:21-cv-05666-BHS

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

computers. Holding the manufacturers of such devices liable for selling these products in Washington would lead to absurd results and is not in accordance with the law.

The Complaint's allegations regarding Berla do not revive Plaintiffs' claim. Berla is a red herring. The Complaint does not allege Ford and Berla are affiliated entities, or that Ford directed Berla to make recordings, foreclosing any argument that text messages Berla might later obtain are somehow recorded by Ford. Moreover, the Complaint does not allege Berla, law enforcement, or any third party accessed Plaintiffs' text messages that were allegedly stored in Jones's vehicle. Although not relevant for the current Motion, it is also exceedingly likely law enforcement's use of Berla to access text messages is within the WPA's confines. Assuming Berla's actions would be considered a recording, under RCW 9.73.040, law enforcement may record communications pursuant to a court order, which law enforcement no doubt obtains before accessing any text messages on vehicles.

Plaintiffs' allegations of a vehicle, on its own, potentially recording text messages do not fit within the WPA as a matter of law, requiring dismissal.

**C.    Plaintiffs do not sufficiently allege the specific forms of injury the WPA requires.**

Even if the Complaint sufficiently alleged Ford's involvement in any recording or intercepting (it does not), the Complaint must be dismissed for the independent reason that Plaintiffs fail to sufficiently plead the specific forms of injury the WPA requires. The WPA's private right of action is limited to those "claiming that a violation of this statute has injured **his or her business, his or her person, or his or her reputation.**" RCW 9.73.060 (emphasis added).

At the pleading stage, to maintain a cause of action, Plaintiffs must sufficiently allege the specific types of injuries. *See Streamline*, 2016 WL 3523033, at *8 ("Streamline must plead an injury to its business, person, or reputation, in addition to a violation of the [Washington] Privacy Act, in order sufficiently state a civil cause of action for damages thereunder."); *Brinkley v. Monterey Fin. Servs., LLC*, 340 F. Supp. 3d 1036, 1044-45 (S.D. Cal. 2018) (dismissing WPA claim because the plaintiff failed to allege how the alleged impermissible recording *caused* the

injury alleged); *Russo v. Microsoft Corp.*, 2021 WL 2688850, at *3 & n. 3 (N.D. Cal. June 30, 2021) (holding plaintiffs failed to state a WPA claim in part because "plaintiffs do not allege enough facts to draw a reasonable inference that they have been injured by Microsoft's conduct" and their generic statements "that Microsoft used and shared" their data "are far too sparse and conclusory to make the claim of personal injury plausible") (internal citations omitted).

Plaintiffs' vague allegations of injury either (1) fall outside any of the specific categories of injury the statute requires or (2) exemplify "[t]hreadbare recitals of the elements of a cause of action …. [which] do not suffice." *Iqbal*, 556 U.S. at 678. First, as to Jones, the Complaint asserts the "interception and/or recording of Plaintiff Jones' text messages has injured Plaintiff Jones" because his text messages "now reside on his Ford vehicle, can be accessed by Berla systems, and cannot be deleted by Plaintiff Jones." Compl. at ¶ 55. He additionally alleges injury because he has been "deprived" "of the right and ability to engage in private text communications." *Id.* at ¶ 56. McKee alleges the same. *Id.* at ¶¶ 60-61. None of these allegations, accepted as true, pertain to an injury to either Plaintiff's business, reputation, or person, and therefore cannot support a private right of action under the WPA.

Second, Plaintiffs both allege—without explanation or supporting facts—that Ford has "injured the[ir] person." Compl. at ¶ 78. This mere recital of the statutory standard does not advance Plaintiffs' position. *See Russo*, 2021 WL 2688850, at *3 & n. 3 (plaintiffs failed to state a claim under the WPA because allegations of harm were conclusory).[3] The Complaint contains ***zero*** explanation or factual allegations supporting the conclusory assertion that Plaintiffs suffered personal injury as a result of a vehicle downloading text messages. Indeed, the allegation on its face is absurd and implausible. *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

---

[3] Though the statute does not define "injury to their person," the phrase means personal injury. *See, e.g.*, *Russo*, 2021 WL 2688850, at *3 & n. 3 (plaintiffs failed to state WPA claim because "allegations [were] far too sparse and conclusory to make the claim of ***personal injury*** plausible") (emphasis added); *State v. Kohonen*, 192 Wn. App. 567, 577 (2016) (interpreting RCW 9.61.260's phrase, "injury on the person," to require "an intent to ***physically*** harm") (emphasis added).

plausible on its face.") (internal quotations omitted). Plaintiffs fail to explain, in any way, what personal injury they suffered or the cause of any such injury. Plaintiffs' allegations of harm are thus insufficient under the WPA.

The Complaint's invocation of Berla is again irrelevant. First, as addressed, Plaintiffs make no assertion Berla, or any third party, has obtained their text messages. Any injury Berla could cause Plaintiffs must therefore be a speculative, hypothetical future injury. But the WPA, by its plain language, only creates a private right of action if an injury has already occurred. *See* RCW 9.73.060 (private right of action for "person claiming that a violation of this statute ***has injured*** his or her business, … person, or … reputation") (emphasis added). Second, even assuming Plaintiffs could rely on hypothetical future injuries, the Complaint does not explain why or how Berla obtaining their text messages would cause injury to Plaintiffs' person, business, or reputation. Third, assuming Plaintiffs did somehow suffer one of the requisite injuries because Berla obtained their text messages, Berla would ostensibly be the entity responsible, not Ford. Again, there is no allegation Ford and Berla are affiliated entities, or that Ford directed Berla to make the alleged recordings. Plaintiffs' allegations regarding Berla, for multiple reasons, do not establish the WPA's requisite injuries.

**D.  The Complaint fails to allege any impermissible recording or interception took place.**

The Complaint fails for the additional independent reasons that (1) Plaintiffs, as a matter of law, impliedly consented to any recording of their text messages, and (2) the Complaint's allegations do not establish interception of text messages.

**1.  Plaintiffs consented to have their text messages recorded.**

Washington courts have repeatedly held that people who communicate electronically in writing—such as through text message or email—understand their communications will be digitally preserved and therefore impliedly consent to the recording of such communications under the WPA.

In *State v. Townsend*, the Washington Supreme Court held that, for purposes of the WPA, the defendant impliedly consented to the recording of his emails because "as a user of e-mail [he] had to understand that computers are, among other things, a message recording device and that his e-mail messages would be recorded on the computer of the person to whom the message was sent." 147 Wn.2d at 676. The Supreme Court agreed with the Court of Appeals below that:

> A person sends an e-mail message with the expectation that it will be read and perhaps printed by another person. To be available for reading or printing, the message first must be recorded on another computer's memory. Like a person who leaves a message on a telephone answering machine, a person who sends an e-mail message anticipates that it will be recorded. That person thus implicitly consents to having the message recorded on the addressee's computer.

*Id.*

Following *Townsend*, the Washington Court of Appeals in *State v. Racus* held that by communicating through text messages and email, the defendant "impliedly consented to the communications being recorded, and thus, the recording of the communications was lawful under RCW 9.73.030(1)(a)" because he "had to understand that computers are message recording devices and that his text messages … would be preserved and recorded on a computer." 7 Wn. App. 2d 287, 300 (2019); *see also State v. Roden*, 169 Wn. App. 59, 67 (2012), *rev'd on other grounds*, 179 Wn.2d 893 (2014) (holding defendant "impliedly consented to the recording of his text messages" on someone else's iPhone because by voluntarily sending the messages, "he also anticipated that the iPhone would record and store the incoming messages to allow [the other person] to read them").

Most recently, the Washington Court of Appeals affirmed this line of cases in *State v. Glant*, holding the trial court was correct when it "found that although the [defendant's] e-mail and text message communications … were private, Glant impliedly consented to the recording because … Glant knew that these messages would be preserved." 13 Wn. App. 2d 356, 365-66 (2020) (citations omitted). The court noted that under the WPA, a person consents to recording "by choosing to communicate through a device in which the person knows the information will be

recorded." *Id.* at 365 (citing *Racus*, 7 Wn. App. 2d at 299-300). "Glant had to understand," the court held, "that computers and phones are message recording devices and that his e-mails and text messages … would be preserved." *Id.* at 366.

The infotainment system in Jones's vehicle, to the extent it stored any copies of text messages, did so only after Plaintiffs understood their written communications would be preserved, *i.e.*, recorded. Plaintiffs therefore, "kn[o]w[ing] that these messages would be preserved," "impliedly consented to the recording." *Glant*, 13 Wn. App. 2d at 365-66. Once preserved, the messages were recorded. Further preservation of the text messages by Jones's vehicle, or any other device through which text messages traveled, was immaterial. *See Townsend*, 147 Wn.2d at 676 ("A person sends an e-mail message with the expectation that it will be read and *perhaps printed by another person*. To be available for reading or printing, the message first must be recorded on another computer's memory.") (emphasis added) (citation omitted).

Put differently, under *Townsend* and its progeny, there is no question an individual who, like Plaintiffs, sends text messages or emails, necessarily understands such messages will be preserved, and also knows that preservation will occur across multiple devices—just like the defendant in *Townsend* was deemed to have understood that his email would be stored on the computer's memory, read by others, and possibly reproduced by being printed. Likewise, Plaintiffs impliedly consented to a device connected to their phone also preserving their text messages.

### 2. Plaintiffs do not sufficiently allege interception.

Based on the Complaint's pleaded facts, Plaintiffs have not alleged that an interception of text messages occurred. The Washington Supreme Court has defined "intercept" as to "stop ... before arrival ... or interrupt the progress or course," *Roden*, 179 Wn.2d at 904, and has applied the term when either (1) a communication is impeded before arriving at its intended recipient, or (2) there is real-time eavesdropping on a conversation. *See id.* (interception for purposes of the WPA where messages "were opened, read, and responded to by an officer before they reached"

the intended recipient); *State v. Faford*, 128 Wn.2d 476 (1996) (interception where scanner used to eavesdrop on neighbor's phone calls); *State v. Christensen*, 153 Wn.2d 186 (2004) (interception where mother listened to daughter's conversation on the speakerphone).

Here, Plaintiffs' allegations, accepted as true, do not fit within Washington courts' definition of "intercept."[4] Plaintiffs' theory is that "infotainment systems in Ford vehicles … download and store a copy of all text messages on smartphones when connected to infotainment systems in Ford vehicles." Compl. at ¶ 17. First, nowhere does the Complaint allege Jones's vehicle stopped a text message from reaching its intended recipient. Second, because Plaintiffs allege the messages were downloaded from Jones's phone onto his car—necessarily after they were received—there is no allegation of real-time eavesdropping (such as when another person listens in on a phone call). Plaintiffs' allegations do not fit within either of the scenarios Washington courts view as interception.

Even if the Complaint adequately alleged interception, for the reasons discussed above, Plaintiffs impliedly consented to this interception. *See Townsend*, 147 Wn.2d at 676; *Racus*, 7 Wn. App. 2d at 300; *Glant*, 13 Wn. App. 2d at 365-66. Although addressing recording under the WPA, the logic of these cases remains the same: In *Townsend*, the Washington Supreme Court held a person must expect an electronic communication to be preserved, *see supra* § III.D.1—such a ruling plainly encompasses implied knowledge that electronic messages will pass through multiple electronic mediums, such as servers, tablets, computers, smartwatches, and cars. To hold otherwise would be to create liability for the manufacturer of every server an email passes through or the maker of every computer on which text messages are downloaded for being the "interceptor"

---

[4] There is also the question of whether Plaintiffs actually intend to argue any interception (as opposed to recording) occurred. The Complaint seeks to assert a class of Washington residents who "had their text messages **recorded**"—but not intercepted—by the infotainment systems. Compl. at ¶ 62 (emphasis added). The Complaint's allegations are also concerned with the recording—but not interception—of text messages. *Id.* at ¶ 27 ("infotainment systems … download a copy of all text messages … and store them"); *id.* at ¶¶ 40 & 46 (Plaintiffs' text messages were "downloaded and recorded"); *id.* at ¶ 42 ("Ford recorded the text messages"); *id.* at ¶¶ 43 & 49 (Jones's vehicle's infotainment system "wrongfully retains the recorded copy" of Plaintiffs' text messages); *id.* at ¶¶ 55 & 60 (Plaintiffs' text messages "now reside on [Jones's] Ford vehicle").

of a communication under the WPA. That is not the law. Plaintiffs' WPA claim, legally infirm for multiple reasons, must be dismissed.

### E.  Plaintiffs' claims for declaratory and injunctive relief, which are not standalone causes of action, must be dismissed.

It is well established that claims for declaratory and injunctive relief are requests for remedies—not independent causes of action. *See, e.g.*, *Kwai Ling Chan v. Chase Home Loans Inc.*, 2012 WL 1252649, at *3 (W.D. Wash. Apr. 13, 2012) ("The court dismisses Plaintiff's counts for declaratory and injunctive relief … because they are remedies and not causes of action."); *id.* ("It is well settled that a claim for 'injunctive relief' standing alone is not a cause of action."); *Hummel v. Nw. Tr. Servs., Inc.*, 180 F. Supp. 3d 798, 810 (W.D. Wash. 2016) ("It is well established that the Declaratory Judgment Act does not create an independent cause of action.") (internal quotation and citation omitted); *Veridian Credit Union v. Eddie Bauer, LLC*, 295 F. Supp. 3d 1140, 1156 (W.D. Wash. 2017) ("[T]he Declaratory Judgment Act only creates a remedy…. Although Veridian may continue to request declaratory and injunctive relief in an amended complaint, these items are requests for relief and not separate legal causes of action.") (internal quotation omitted). Because Plaintiffs' causes of action for declaratory and injunctive relief are requests for remedies, and necessarily derivative of Plaintiffs' WPA claim, the declaratory and injunctive relief claims must also be dismissed.

### IV.  CONCLUSION

For the foregoing reasons, Ford respectfully requests the Court dismiss the Complaint, with prejudice. Dismissal with prejudice is appropriate, as leave to amend would be futile. *See, e.g.*, *Stewart v. M&T Mortg. Corp.*, 2012 WL 5421708, at *2 (W.D. Wash. Nov. 6, 2012) (dismissing complaint with prejudice because "any amendment would be futile"); *Cyr v. Wash.*, 2013 WL 179939, at *3 (W.D. Wash. Jan. 16, 2013) (same). Plaintiffs cannot allege Ford, as opposed to Jones's vehicle, accessed text message and therefore cannot allege a WPA violation.

Respectfully submitted this 8th day of October, 2021.

DLA PIPER LLP (US)

*s/ Anthony Todaro*
Anthony Todaro, WSBA No. 30391
*s/ Jeffrey DeGroot*
Jeffrey DeGroot, WSBA No. 46839
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Tel:   206.839.4800
Fax:   206.839.4801
E-mail:  anthony.todaro@us.dlapiper.com
E-mail:  jeff.degroot@us.dlapiper.com

*Attorneys for Defendant Ford Motor Company.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the parties.

Dated this 8th day of October, 2021.

*s/ Paige Plassmeyer*_____
Paige Plassmeyer, Legal Practice Specialist