In The United States District Court
For The Western District Of Washington

| | |
|---|---|
| Mark Jones and Michael McKee, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>Ford Motor Company, a Delaware Corporation,<br><br>*Defendant*. | No. 3:21-cv-05666-BHS<br><br>Joint Status Report |

Pursuant to Fed. R. Civ. P. 26(f), Local Civil Rule 26(f)(1), this Court's September 14, 2021, Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. No. 8), the Parties met telephonically and conferred on October 6, 2021, regarding the topics and issues set forth in Rule 26(f) and LCR 26(f), as addressed below.

The parties jointly set forth those matters about which they agree, and state separately those matters about which they disagree.

1. **Preliminary statement regarding discovery and case scheduling.**

During the parties' October 6, 2021 meeting, the parties jointly agreed that it was the best interest of both parties to stay discovery between the parties until resolution of Defendant's pending motion to dismiss. The parties have thus agreed not to serve each other with discovery until after the motion to dismiss been decided. Plaintiffs have served a third-party subpoena on Berla Corp. Additionally, with the Court's permission, the parties believe it is most efficient to wait to set a case schedule until after the Court's ruling on the motion to dismiss. Accordingly, the parties respectfully request the Court permit the parties to submit an updated joint status report

Joint Status Report - 1
*Jones v. Ford*, No. 3:21-05666-BHS

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

within 14 days of the Court's motion-to-dismiss ruling that (1) further addresses the discovery issues set forth below, and (2) proposes a case schedule and deadlines on items addressed below. By making this request, both parties expressly reserve all rights to take positions on discovery and case scheduling that are not articulated in this preliminary joint status report.

**2.  A statement of the nature and complexity of the case.**

Plaintiffs allege that Defendant violated the Washington Privacy Act because Defendant's vehicles' infotainment systems intercept and copy text messages. According to the allegations of the Complaint, the infotainment systems do not require two-party consent to intercept and copy text messages from devices connected to the infotainment systems by USB or Bluetooth. The Complaint alleges that once intercepted and copied, the messages are stored in a manner such that they can only be retrieved through the use of equipment manufactured by Berla Corp. of Annapolis, MD, which in turn sells its equipment almost exclusively to law enforcement agencies.

Defendant denies all wrongdoing and that it has violated the Washington Privacy Act, or any other laws. Defendant further denies that Plaintiffs have adequately stated any claims through their Complaint.

**3.  A proposed deadline for joining additional parties.**

Pursuant to the parties' Preliminary Statement, the parties respectfully request they address this deadline in their joint status report after the motion-to-dismiss ruling.

**4.  Parties' Mutual Consent to a Magistrate conducting all proceedings including trial and the entry of judgment.**

No.

**5.  A discovery plan on all items set forth in Fed. R. Civ. P. 26(f)(3).**

**(A)  Exchange of initial disclosures.**

In accordance with the parties' agreement not to serve discovery other than third-party discovery, the parties agreed to serve Initial Disclosures at a mutually agreed date after the motion-to-dismiss ruling.

**(B)  Subjects, timing, and potential phasing of discovery**

Joint Status Report - 2

*Jones v. Ford*, No. 3:21-05666-BHS

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

The parties agreed to delay serving discovery, including Initial Disclosures, on one another until after the resolution of the pending Motion to Dismiss. Plaintiffs have served a third-party subpoena on the State of Washington Department of Licensing, in response to which the Department produced the requested document. Plaintiffs have also served a third-party subpoena on Berla Corporation, seeking documents.

Because the parties are not serving discovery on each other until they know what, if any, components of this case will proceed past the motion to dismiss, they respectfully request they address further issues regarding the subjects, timing, and potential phasing of discovery in their joint status report after the motion to dismiss is decided. As stated above, by making this request, both parties expressly reserve all rights to address these issues at a later time.

**(C)     Electronically Stored Information**

The parties are aware of their preservation and discovery obligations under the Federal Rules of Civil Procedure. The parties have taken reasonable measures to preserve relevant documents, including electronically stored information ("ESI"), that are maintained in locations and systems where such relevant information is likely to be found in accordance with the Rules. At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If an issue does arise, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

The parties intend to enter into an ESI agreement based on the model protocol.

**(D)     Privilege Issues**

<u>Plaintiffs' Position:</u>

Plaintiff does not now anticipate any issues arising regarding privilege, and believes that agreements regarding privilege issues should be addressed in the Joint Status Report filed after resolution of the Motion to Dismiss.

<u>Defendant's Position:</u>

Defendant proposes that no party is required to conduct a search or prepare a privilege log for any discovery request or portion thereof to which non-privileged or non-work product

Joint Status Report - 3
*Jones v. Ford*, No. 3:21-05666-BHS

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

objections have been (e.g. relevance, over breath, burden, etc.) made until the objections have been overruled, and any objections as to the attorney-client privilege or work product doctrine are preserved until that time. In the event a privilege log is required, Defendant proposes that a categorical privilege log is permissible in this action. Defendant proposes that there is no duty to include on any privilege log, to the extent a log is required, those documents created after the filing of the original complaint in this matter, including those documents created by Plaintiffs' counsel, Ford's counsel, or Ford's Office of the General Counsel (or those working under their supervision or direction) relating to the subject lawsuit or as it relates to any litigation file created or maintained by Plaintiffs' counsel, Ford's counsel, or Ford's Office of the General Counsel (or those working under their direction or supervision). Defendant believes that a categorical privilege log may be appropriate.

### (E) Proposed Limitations On Discovery

The parties agreed to delay serving discovery and therefore reserve the right to set forth any proposed limitations to discovery until after the resolution of the pending Motion to Dismiss.

**Plaintiffs' Position:**

Any further proposed limitations to discovery should be address in a Joint Status report filed after the resolution of the pending Motion to Dismiss.

**Defendants' Position:**

Defendant proposes the following:

1. Depositions.

a) Deposition Notices: Deposition notices must be served at least 28 days prior to the scheduled deposition and at least 45 days before the discovery cutoff date. Absent agreement of the parties or order of the court, depositions shall not exceed 1 day (7 hours) of testimony each.

b) Objections: If any party objects to a notice of deposition, either an individual deposition notice or a Rule 30(b)(6) deposition notice, the responding party need not file a motion for protective order if written objections are asserted. Instead, within 30 days of receipt of the notice, the responding party will serve written objections to the notice or deposition topics at issue.

Joint Status Report - 4
*Jones v. Ford*, No. 3:21-05666-BHS

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

The parties shall then meet and confer regarding the objections. Following these meet and confer efforts, if the parties reach an impasse, the deposition shall proceed as any portion of the deposition that is not objected to. The parties agree that any remaining concerns or objections are preserved until after the deposition has been taken. All parties reserve their positions and rights to seek court intervention after the completion of the deposition; however, no party shall argue that the failure to file a motion to compel or a motion for protective order waived their positions.

2. Discovery on Discovery: No discovery shall be conducted absent good cause shown as to topics relating to discovery on discovery, retention policies, search efforts in this matter, and/or documents or information that are classic work product or privileged such as materials generated by the attorneys in this case, and/or those working under their direction or supervision as a result of this lawsuit or those materials that are maintained in litigation files.

**(F) Need For Any Discovery Related Orders**

None at this time.

**6. The parties' views on all items set forth in Local Civil Rule 26(f)(1).**

**(A) Prompt Case Resolution.**

The case does not now appear likely to resolve promptly.

**(B) Alternative Dispute Resolution.**

<u>Plaintiffs' Position:</u>

Plaintiffs believe ADR will only be productive if conducted with the aim of achieving a class wide resolution.

<u>Defendant's Position:</u>

Defendant is open to ADR, but does not believe it will be productive until there is a ruling the motion to dismiss and the parties know whether the case will continue.

**(C) The Existence Of Any Related Cases Pending In This Or Other Jurisdictions And A Proposal For How To Handle Them.**

<u>Plaintiffs' Position:</u>

Joint Status Report - 5
*Jones v. Ford*, No. 3:21-05666-BHS

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Five lawsuits raising similar claims were filed in Thurston County Superior Court on August 9, 2021. All lawsuits assert that the defendant vehicle manufacturer violates the Washington Privacy Act because its infotainment systems store text messages that can be retrieved using equipment manufactured by Berla Corp. of Annapolis, MD. All suits allege that Berla Corp. worked with manufacturers to develop the systems, which intentionally include a "law enforcement back door" to capture and store text messages for later retrieval by Berla Systems, which are sold almost exclusively to law enforcement agencies.

1. *Dornay and Jones v. Volkswagen Group of America*, No. 3:21-cv-05646-BHS-SKV, assigned to Judge Benjamin H. Settle.
2. *Jones and McKee v. Ford Motor Company*, No. 3:21-cv-05666-RAJ, assigned to Judge Richard A. Jones.
3. *Ritch and Dornay v. American Honda Motor Co.*, No. 3:21-cv-05706-MLP, assigned to Magistrate Judge Michelle L. Peterson.
4. *Goussev and Ritch v. Toyota Motor Sales, U.S.A., Inc.*, No. 3:21-cv-05708-BHS, assigned to Judge Benjamin H. Settle.
5. *McKee and Goussev v. General Motors Company*, No. 21-2-01366-34 (Thurston C'ty Sup. Ct.); pending confirmation of service.

Each of these cases challenges the same alleged conduct of copying text messages through the use of infotainment systems, and providing access solely through equipment manufactured by Berla Corporation, conduct that forms the gravamen of this Action. There is overlap in plaintiffs in all actions. While the Defendants differ between the actions, the claims raised and remedies sought are identical in all five cases. It is likely that there will be overlap in legal argument and damages calculations, and likely some identical third-party evidence across the two actions.

**Defendant's Position:**

The other cases Plaintiffs' counsel has filed are not related to this one. Local Rule 3(g)(4) provides that "[a]n action is related to another when the actions: (A) concern substantially the same parties, property, transaction, or event; ***and*** (B) it appears likely that there will be an unduly

Joint Status Report - 6
*Jones v. Ford*, No. 3:21-05666-BHS

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

burdensome duplication of labor and expense or the potential for conflicting results if the cases are conducted before different judges." (Emphasis added.) Defendant favors judicial economy and efficiency in resolving this matter, but the matters Plaintiffs list do not fit within the above definition, nor will efficiencies be realized by relating the cases.

The other cases, although involving the same statute, will have wholly distinct underlying facts given they are asserted against unrelated defendants. Specifically, though the complaints involve the same statute, the Washington Privacy Act, they levy claims against different carmakers. Each carmaker produces its own vehicles and its own software and technology. The details of these unique technologies will likely be at the core of these cases. For that reason, the overlap in named plaintiffs between some cases is irrelevant. Each plaintiff's experience with the vehicles and unique software will be different depending on the carmaker.

Because of the substantial differences between these cases, it is unlikely there will be any duplication of labor or expense that is unduly burdensome. Nor is there a risk of conflicting results, because different vehicles, software, and technology are at issue in each case.

**(D)   Discovery Management.**

The parties do not anticipate discovery disputes and will comply with the Federal Rules of Civil Procedure and the Court's local rules regarding any disputes that arise.

The parties have agreed to electronic service pursuant to Fed. R. Civ. P. 5(b)(2)(E). The Parties agree that a typographical signature, such as "/s/Counsel's Name," shall be sufficient for all signature requirements of the Federal Rules of Civil Procedure.

The parties anticipate the entry of a stipulated protective order for confidential, proprietary, trade secret, and other protected materials using the template protective order provided by the Court. Concerning the filing of documents under seal, the parties will comply with the Stipulated Protective Order and the Court's local rules.

**(E)   Anticipated Discovery Sought.**

Because the parties are not serving discovery on each other until they know what, if any, components of this case will proceed past the motion to dismiss, they respectfully request they

Joint Status Report - 7
*Jones v. Ford*, No. 3:21-05666-BHS

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

address this topic in their joint status report after the motion to dismiss is decided and when they know what, if any, parts of the case will proceed.

**(F)	Phasing Motions.**

Defendant's Motion to Dismiss will be resolved prior to other motion practice in the case. The parties' subsequent Joint Status Report will include a schedule for the Motion for Class Certification and further dispositive motions.

**(G)	Preservation Of Discoverable Information.**

The parties are aware of their preservation and discovery obligations under the Federal Rules of Civil Procedure. The parties have taken reasonable measures to preserve relevant documents, including ESI, that are maintained in locations and systems where such relevant information is likely to be found in accordance with the Rules. At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

The parties intend to enter into an ESI agreement based on the model protocol.

**(H)	Privilege Issues.**

The parties agree to follow the procedures for handling the inadvertent production of privileged information and other privilege waiver issues pursuant to the terms of the Protective Order to be entered in this case.

**(I) Model Protocol For Discovery Of ESI.**

The parties intend to enter into an ESI agreement based on the model protocol.

**(J)	Alternatives To Model Protocol.**

The parties intend to enter into an ESI agreement based on the model protocol.

**7.	The date by which discovery can be completed.**

The parties respectfully request they address this date in their later joint status report.

Joint Status Report - 8

Jones v. Ford, No. 3:21-05666-BHS

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

8.  **Whether the case should be bifurcated by trying liability issues before the damages issues, or bifurcated in any other way.**

The parties respectfully request they address this issue in their later joint status report.

9.  **Whether the pretrial statements and pretrial order called for by LCRs 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

The parties respectfully request they address this issue in their later joint status report.

10. **Whether the parties intend to utilize the Individualized Trial Program set forth in LCR 39.2 or any ADR options set forth in LCR 39.1.**

The parties respectfully request they address this issue in their later joint status report.

11. **Any other suggestions for shortening or simplifying the case.**

Not at this time.

12. **The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.**

The parties respectfully request they address this date in their later joint status report.

13. **Whether the trial will be jury or non-jury.**

Jury.

14. **The number of trial days required.**

The parties respectfully request they address this date in their later joint status report.

15. **The names, addresses, and telephone numbers of all trial counsel.**

Joel B. Ard, WSBA # 40104
Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
206.701.9243
Joel@Ard.law

William R. Restis, Esq.
The Restis Law Firm, P.C.
402 West Broadway, Suite 1520

Joint Status Report - 9

Jones v. Ford, No. 3:21-05666-BHS

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

San Diego, CA 92101
619.270.8383
william@restislaw.com

Anthony Todaro, WSBA No. 30391
Jeffrey DeGroot, WSBA No. 46839
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Tel: 206.839.4800
Fax: 206.839.4801
E-mail: anthony.todaro@us.dlapiper.com
E-mail: jeff.degroot@us.dlapiper.com

**16. The dates on which the trial counsel may have complications to be considered in setting a trial date.**

The parties respectfully request they address these dates in their later joint status report.

**17. If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

All parties have been served.

**18. Whether any party wishes a pretrial FRCP 16 conference with the judge prior to the entry of any order pursuant to Rule 16 or setting of a schedule for this case. If yes, indicate whether a party wishes an in–person or telephonic conference.**

No.

**19. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to FRCP 7.1 and LCR 7.1.**

Ford Motor Company filed its disclosure statement pursuant to FRCP 7.1 and LCR 7.1 on September 10, 2021.

///

Joint Status Report - 10

*Jones v. Ford*, No. 3:21-05666-BHS

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

| | |
|---|---|
| /s/ Joel B. Ard<br><br>Joel B. Ard, WSBA # 40104<br>ARD LAW GROUP PLLC<br>P.O. Box 11633<br>Bainbridge Island, WA 98110<br>206.701.9243<br>Joel@Ard.law<br><br>/s/ William R. Restis<br><br>William R. Restis, Esq.<br>THE RESTIS LAW FIRM, P.C.<br>402 West Broadway, Suite 1520<br>San Diego, CA 92101<br>619.270.8383<br>william@restislaw.com<br><br>Attorneys for Plaintiffs | DLA PIPER LLP (US)<br><br>s/ Anthony Todaro<br>Anthony Todaro, WSBA No. 30391<br><br>s/ Jeff DeGroot<br>Jeff DeGroot, WSBA No. 46839<br>701 Fifth Avenue, Suite 6900<br>Seattle, Washington 98104-7029 Tel: 206.839.4800 Fax: 206.839.4801 E-mail: anthony.todaro@us.dlapiper.com<br>E-mail: jeff.degroot@us.dlapiper.com<br><br>*Attorneys for Defendant*<br>*Ford Motor Company.* |

JOINT STATUS REPORT - 11

JONES V. FORD, NO. 3:21-05666-BHS

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243