THE HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK JONES and MICHAEL MCKEE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware corporation,<br><br>Defendant. | No. 3:21-cv-05666-DGE<br><br>**DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**NOTED FOR CONSIDERATION: December 10, 2021**<br><br>**ORAL ARGUMENT REQUESTED** |

FORD'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT
Case No. 3:21-cv-05666-DGE

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

**TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................................................. 1
II.  BACKGROUND .................................................................................................................... 2
   A.   Washington's Privacy Act .......................................................................................... 2
   B.   Plaintiffs' Allegations ................................................................................................. 3
      1.   According to the FAC, Plaintiff Mark Jones's vehicle downloaded, recorded, and retained text messages ................................................................. 3
      2.   The alleged injury. .............................................................................................. 5
III. ARGUMENT .......................................................................................................................... 6
   A.   Legal Standard ............................................................................................................ 6
   B.   Ford did not record or intercept text messages. .......................................................... 7
   C.   Plaintiffs do not sufficiently allege the specific forms of injury the WPA requires. ....... 8
   D.   The FAC fails to allege any impermissible recording or interception took place .......... 11
      1.   Plaintiffs consented to have their text messages recorded. ....................................... 11
      2.   Plaintiffs do not sufficiently allege interception ......................................................... 13
   E.   Plaintiffs' claims for declaratory and injunctive relief, which are not standalone causes of action, must be dismissed. ................................................................................ 14
IV. CONCLUSION ..................................................................................................................... 15

FORD'S MOTION TO DISMISS FIRST  
AMENDED COMPLAINT - i  
Case No. 3:21-cv-05666-DGE

DLA Piper LLP (US)  
701 Fifth Avenue, Suite 6900  
Seattle, WA 98104-7029 | Tel: 206.839.4800

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................6, 9, 10

*Associated Gen. Contractors of Am. v. Metro. Water Dist. of S. California*,
    159 F.3d 1178 (9th Cir. 1998) ...............................................................................................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .........................................................................................................6, 7

*Brinkley v. Monterey Fin. Servs., LLC*,
    340 F. Supp. 3d 1036 (S.D. Cal. 2018) ..................................................................................9

*Cyr v. Wash.*,
    2013 WL 179939 (W.D. Wash. Jan. 16, 2013) ...................................................................15

*Hummel v. Nw. Tr. Servs., Inc.*,
    180 F. Supp. 3d 798 (W.D. Wash. 2016) .............................................................................14

*Kearney v. Kearney*,
    95 Wn. App. 405 (1999) .................................................................................................2, 14

*Kwai Ling Chan v. Chase Home Loans Inc.*,
    2012 WL 1252649 (W.D. Wash. Apr. 13, 2012) .................................................................14

*Russo v. Microsoft Corp.*,
    2021 WL 2688850 (N.D. Cal. June 30, 2021) ................................................................9, 10

*State v. Christensen*,
    153 Wn.2d 186 (2004) .........................................................................................................13

*State v. Faford*,
    128 Wn.2d 476 (1996) .........................................................................................................13

*State v. Fowler*,
    157 Wn.2d 387 (2006) .......................................................................................................2, 6

*State v. Glant*,
    13 Wn. App. 2d 356, 365-66 (2020) ....................................................................................12

*State v. Kohonen*,
    192 Wn. App. 567 (2016) ....................................................................................................10

FORD'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - ii
Case No. 3:21-cv-05666-DGE

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

*State v. Racus*
    7 Wn. App. 2d 287, 300 (2019) ...............................................................................................11

*State v. Roden*,
    169 Wn. App. 59 (2012), *rev'd on other grounds*, 179 Wn.2d 893 (2014) .............................11

*State v. Roden*,
    179 Wn.2d 893 (2014) .......................................................................................................7, 13

*State v. Townsend*,
    147 Wn.2d 666 (2002) ...............................................................................................7, 11, 12

*Stewart v. M&T Mortg. Corp.*,
    2012 WL 5421708 (W.D. Wash. Nov. 6, 2012) .....................................................................15

*Streamline Bus. Grp., LLC v. Vidible, Inc.*,
    2016 WL 3523033 (E.D. Pa. June 27, 2016) .......................................................................3, 8

*Veridian Credit Union v. Eddie Bauer, LLC*,
    295 F. Supp. 3d 1140 (W.D. Wash. 2017) ..............................................................................14

**Statutes**

Declaratory Judgment Act ...............................................................................................................14

Privacy Act ...................................................................................................................................3, 9

RCW 9.61.260's .............................................................................................................................10

RCW 9.73.030 .......................................................................................................................2, 7, 14

RCW 9.73.030(1) .............................................................................................................................7

RCW 9.73.030(1)(a) ..................................................................................................................3, 11

RCW 9.73.040 .............................................................................................................................3, 8

RCW 9.73.060 .....................................................................................................................2, 3, 8, 10

Washington's Privacy Act ............................................................................................................1, 2

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ....................................................................................................................1

Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-
    webster.com/dictionary/record (Sept. 30, 2021) .....................................................................7

FORD'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - iii
Case No. 3:21-cv-05666-DGE

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

Ford Motor Company ("Ford"), pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves for an order dismissing Plaintiffs' First Amended Class Action Complaint (the "FAC").

## I.     INTRODUCTION

Having seen Ford's arguments to dismiss Plaintiffs' original Complaint, Plaintiffs amended their pleading rather than oppose that motion. The amendments, however, fail to remedy the inherent flaws in their legal theories. To the contrary, Plaintiffs' amendments serve only to emphasize the extent to which they are seeking to use the Washington Privacy Act (RCW 9.73 *et seq.*) (the "WPA") for inappropriate purposes, to address concerns that the Act was never intended to cover. Notwithstanding their amendments, it remains the case that the FAC does not allege Ford ever recorded, intercepted, or accessed Plaintiffs' text messages. Rather, at most, the FAC alleges Ford *vehicles*—after purchase, and with no ongoing connection to Ford—copied users' text messages, and only after the vehicle operator affirmatively connected the vehicle to their phone. Plaintiffs do not allege – much less plausibly allege – that ***anyone*** has ever actually accessed their text messages. While Plaintiffs discuss at some length the alleged capacity of a non-party entity (Berla Corporation) or law enforcement to theoretically access text messages or call logs via the application of proprietary third-party hardware and software directly to a Ford vehicle, they notably do not allege that any such access has ever happened to ***their*** messages.

Plaintiffs' allegations that a device, after purchase, may have recorded or intercepted text messages do not support a cognizable claim under WPA against Ford. The WPA pertains to individuals/entities that record or intercept communications—and sets no restrictions on device manufacturers. All of Plaintiffs' efforts to contort the words "intercept" and "transmit" beyond any recognized meaning fail to alter this central fact. Plaintiffs' core theory is thus fundamentally flawed, requiring dismissal. Because that flaw persists even after amendment, that dismissal should be with prejudice.

The FAC also fails for two additional independent reasons.

FORD'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 1
Case No. 3:21-cv-05666-DGE

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

*First*, as noted in the prior motion to dismiss, Plaintiffs do not adequately allege the specific forms of injury the WPA requires to maintain a cause of action. The WPA is not a freestanding vessel for all imagined concerns a consumer may have regarding messaging technology. The WPA applies to specific acts – interception or recording of communications by someone other than the intended recipient – and to specific, enumerated injuries. The Court will see, if it is not already aware, that there is a dearth of cases in which civil plaintiffs file lawsuits under WPA. The reason for this lack of litigation is the WPA's mandate that private lawsuits are only permitted when plaintiffs can establish injury to their "business, . . . person, . . . or . . . reputation." RCW 9.73.060. Because the recording or interception of communications rarely leads to these forms of injury, few cases are filed. Here, Plaintiffs do not adequately allege any of the specific forms of injury the WPA requires.

*Second*, the FAC fails to allege any impermissible recording or interception took place. Washington courts have repeatedly held that those who send electronic communications, such as emails and text messages, understand these messages will be preserved in multiple forms and thus impliedly consent to the recording of such messages. The reasoning of these cases applies here where both Plaintiffs necessarily understood their messages would be preserved in multiple forms, including on the many devices through which people send and receive text messages. Plaintiffs thus cannot state a claim for recording or interception under the WPA.

## II.   BACKGROUND

### A.   Washington's Privacy Act

The WPA prohibits the recording of private telephone communications (*i.e.*, calls between two individuals) when the recording is conducted in the state of Washington and when consent is not obtained from all the participants in the communication. *See* RCW 9.73.030; *State v. Fowler*, 157 Wn.2d 387, 395 (2006) (holding the WPA does not apply to telephone calls with Washington residents when recording of the calls occurs in another state); *Kearney v. Kearney*, 95 Wn. App. 405, 413 (1999) ("To violate the [Washington] privacy act, one must record or intercept a private

FORD'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 2
Case No. 3:21-cv-05666-DGE

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

telephone conversation without consent of the other."). Specifically, the WPA states in relevant part:

> [I]t shall be unlawful for any individual, partnership, corporation, association, or the state of Washington, its agencies, and political subdivisions to intercept, or record any: Private communication transmitted by telephone, telegraph, radio, or other device between two or more individuals between points within or without the state by any device electronic or otherwise designed to record and/or transmit said communication regardless how such device is powered or actuated, without first obtaining the consent of all the participants in the communication …

RCW 9.73.030(1)(a). Law enforcement may record or intercept communications under the WPA if they properly obtain a court order. RCW 9.73.040.

The WPA also contains a private right of action for anyone "claiming that a violation of this statute has injured his or her business, his or her person, or his or her reputation." RCW 9.73.060. Violation of the statute, standing alone, does not establish this required injury; rather, Plaintiffs must show they actually suffered an actual injury to their person, business, or reputation to maintain a claim. *See Streamline Bus. Grp., LLC v. Vidible, Inc.*, 2016 WL 3523033, at *8 (E.D. Pa. June 27, 2016) (interpreting WPA and holding "Streamline must plead an injury to its business, person, or reputation, in addition to a violation of the [Washington] Privacy Act, in order [to] sufficiently state a civil cause of action for damages thereunder").

**B.     Plaintiffs' Allegations**

   **1.     According to the FAC, Plaintiff Mark Jones's vehicle downloaded, recorded, and retained text messages.**

Plaintiffs allege Ford violated the WPA because certain *vehicles* Ford manufactured stored copies of text messages already present on the user's phone when a user connected his or her smartphone to a vehicle. *See generally* Dkt. No. 1-2 ("Compl."). Specifically, the FAC alleges Ford vehicles contain "infotainment systems" that "include methods for the system to connect to a smartphone, both by USB and by Bluetooth." *Id.* at ¶¶ 10-11. The infotainment systems, the FAC asserts, "interface with the smartphone's text messaging system," working with at least CarPlay for iPhones and Android Auto for Android smartphones, and download "a copy of all text

FORD'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 3
Case No. 3:21-cv-05666-DGE

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

messages *already stored* on smartphones when those phones connect to the infotainment system." *Id.* at ¶¶ 15-17 (emphasis added).

Plaintiff Mark Jones, who allegedly "owns a 2015 vehicle manufactured by Ford,"[1] claims each of the text messages on his smartphone "was downloaded and recorded onto [his vehicle's] onboard vehicle memory by his Ford vehicle's infotainment system," and that this vehicle's infotainment system "wrongfully retains the recorded copy of [his] text message[s] and call logs for more than ten days." Compl. at ¶¶ 88, 99, 103.[2]

Plaintiff Michael McKee, who does not allege he owned a Ford vehicle, claims he "sent at least one text message to Plaintiff Jones" over the three years preceding the Complaint. Compl. at ¶ 104. Because "Jones thereafter connected his smartphone to the infotainment system in his Ford vehicle," the FAC alleges that "on information and belief, a reasonable opportunity for discovery will show" that "Jones' Ford vehicle's infotainment system wrongfully retain[ed] the recorded copies of" text messages, including McKee's text messages. *Id.* at ¶¶ 105, 106, 109.

Absent from the FAC are factual allegations plausibly establishing that *Ford*, in any way, recorded or intercepted Plaintiffs' text messages. Rather, the FAC's allegations, accepted as true, at most establish Jones's *vehicle*, through its onboard infotainment system, stored text messages. *See* Compl. at ¶¶ 10-24 (describing how infotainment systems in Ford *vehicles* interfaced with smartphones); *id.* at ¶ 17 ("infotainment systems in Ford *vehicles*" download text messages); *id.* at ¶ 19 ("Ford *vehicles* store each intercepted, recorded and downloaded copy of text messages") (emphasis added); ¶ 20 ("the Ford *vehicle* retains a copy" of text messages); *id.* at ¶ 57 ("Ford *vehicle* infotainment systems" record phone data, and "Ford *vehicles* continue to store deleted

---

[1] In the original Complaint, Plaintiffs alleged that Plaintiff Jones owned a *2021* vehicle manufactured by Ford. *See* Initial Compl. ¶ 32 ("Plaintiff Jones owns a 2021 vehicle manufactured by Ford.") Given that no additional information is provided regarding Plaintiff Jones' vehicle, it is unclear whether the two complaints refer to two different vehicles, or if this is simply a typographic error.

[2] The FAC makes repeated references to "call logs" being recorded onto the vehicle infotainment system. Although the FAC does not define a "call log," it appears to be a reference to a "record of a call he had placed or received" that was generated by Plaintiff's phone. (Compl. at ¶ 95). It is unclear what significance Plaintiffs attach to such "call logs," as they are not a "private communication transmitted by telephone, telegraph, radio, or other device" within the meaning of the WPA.

FORD'S MOTION TO DISMISS FIRST  
AMENDED COMPLAINT - 4  
Case No. 3:21-cv-05666-DGE

DLA Piper LLP (US)  
701 Fifth Avenue, Suite 6900  
Seattle, WA  98104-7029 | Tel: 206.839.4800

data"); *id.* at ¶ 109 ("Ford *vehicle* infotainment system wrongfully retains the recorded copy of Plaintiff McKee's text message").

Also lacking from the FAC is any plausible factual allegation that Jones's vehicle transmitted these text messages to Ford (or anyone else), or that Ford accessed, or had the ability to access, text messages the vehicle allegedly stored. The FAC's *only* allegations regarding access to text messages concern Berla Corporation ("Berla"), a third-party company unaffiliated with Ford. Compl. at ¶ 25 *et seq.* Berla, which is not a party to this lawsuit, manufactures equipment that law enforcement allegedly uses to extract stored text messages from vehicles. *Id.* at ¶¶ 30, 32. Despite describing law enforcement's use of Berla's equipment, Plaintiffs make no allegations (1) Berla—or any other third party—ever accessed *their* text messages or (2) that Berla operated at Ford's direction, that Ford instructed Berla to make recordings, or that Ford and Berla are affiliates. (The FAC's sole threadbare assertion that "Ford infotainment systems thereby transmit stored text messages and call logs to Berla," Compl. ¶ 27, is based on an interpretation of "transmit" that is stretched beyond any recognized meaning of the word given that the FAC describes at great length the steps that Berla must take to *extract* information through the use of its custom software and hardware).

### 2. The alleged injury.

Plaintiffs' allegations of injury remain as unfounded in the FAC as they were in the original complaint. "Ford's interception and recording of Plaintiff Jones' text messages," according to the FAC, "has injured Plaintiff Jones *in his person*" (emphasis added) because his "private and confidential text messages now reside on his Ford vehicle, can be accessed without his authorization by Berla systems, … cannot be deleted by Plaintiff Jones," and are "accessible at any time by law enforcement, by Berla, and by similar private actors." Compl. at ¶ 115. Jones additionally claims Ford has "depriv[ed] him of the right and ability to engage in private text communications without Ford intercepting and recording a call log or text message copy for access by third parties such as Berla and law enforcement, without his authorization." *Id.* at ¶ 116.

FORD'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 5
Case No. 3:21-cv-05666-DGE

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

1 Plaintiffs provide no factual support for the notion that any of these claimed injuries are somehow personal in nature.

Similarly, with respect to McKee, the FAC asserts the vehicle's supposed recording of his text messages injured him because his "private and confidential text messages now reside on Plaintiff Jones' Ford vehicle, … can be accessed by Berla systems, … cannot be deleted by either Plaintiff," are accessible by law enforcement and similar private actors, and because Ford has "depriv[ed] him of the right and ability to engage in private text communications without Ford intercepting and recording a copy for access by third parties such as Berla and law enforcement without authorization." Compl. at ¶¶ 120-121. As with Plaintiff Jones, Plaintiff McKee asserts that this hypothetical access by Berla and/or law enforcement somehow constitutes a personal injury, but provides no rationale as to how this could ever be the case. *Id.* at ¶ 120-121.

Based on these allegations, Plaintiffs bring claims for violations of the WPA, as well as declaratory and injunctive relief, and seek to certify a class of "[a]ll persons, who within three years prior to the filing of the Complaint [August 9, 2021], had their text messages and/or call logs intercepted and/or recorded by the infotainment system in a Ford vehicle (Ford or Lincoln) while a resident of the State of Washington."[3] Compl. at ¶¶ 122.

### III.   ARGUMENT

**A.   Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)

---

[3] Although Plaintiffs define their putative class to include all persons who had their messages recorded while "a resident of the state of Washington," the scope of the WPA is defined by where the recording occurred, not whether the person being recorded was a Washington resident. *See Fowler*, 157 Wn.2d at 395 (holding WPA does not apply to telephone calls with Washington residents when recording of the calls occurs in another state).

FORD'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 6
Case No. 3:21-cv-05666-DGE

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

(internal quotations and citation omitted); *see also Associated Gen. Contractors of Am. v. Metro. Water Dist. of S. California,* 159 F.3d 1178, 1181 (9th Cir. 1998) ("[C]onclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss.") (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

**B.    Ford did not record or intercept text messages.**

Plaintiffs' allegations, even if accepted as true, do not establish Ford recorded or intercepted Plaintiffs' text messages. Rather, the FAC, at most, asserts Jones's ***vehicle***—not Ford—obtained text messages through the onboard infotainment system. *See supra*, § II.B.1. Nowhere does the FAC allege ***Ford*** did any recording (or intercepting), that Jones's vehicle transmitted stored text messages to Ford, or that Ford otherwise had access to text messages.[4]

Put simply, Plaintiffs allege a device—a vehicle, not an individual or entity—made a recording of information transmitted from the operator's phone after connecting to the Ford vehicle. This is not a cognizable claim under the WPA, which makes it unlawful for "any **individual, partnership, corporation, association, or the State of Washington, its agencies, and political subdivisions to** intercept, or record …." RCW 9.73.030(1) (emphasis added). Allegations that a device, on its own, made a recording plainly fall outside the statute. Moreover, the WPA does not prohibit the manufacturing of devices that make recordings—the statute says nothing about entities that create devices capable of recording or intercepting. *See* RCW 9.73.030. Ford has not accessed any of the alleged text correspondence, nor is it alleged to have done so. It is alleged to have done nothing more than manufacture a vehicle with limited recording capability. In the present situation, Ford is akin to the manufacturer of any device that can record on its own,

---

[4] The WPA does not define "record" or "intercept," but Washington courts have applied the ordinary dictionary definitions to undefined terms in the WPA. *See, e.g.*, *State v. Roden*, 179 Wn.2d 893, 904 (2014) (using dictionary definition to define "intercept"); *State v. Townsend*, 147 Wn.2d 666, 673 (2002) (using dictionary definition to define "private"). The ordinary dictionary definition of "record" is "to deposit an authentic official copy of" or "to register permanently by mechanical means." "Record," Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/record (Sept. 30, 2021). "Intercept" means to "stop ... before arrival ... or interrupt the progress or course." *Roden*, 179 Wn.2d at 904 (citing Webster's Third New International Dictionary 1176 (2002)).

FORD'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 7
Case No. 3:21-cv-05666-DGE

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

*e.g.*, tape recorders, smartphones, smartwatches, or computers. Holding the manufacturers of such devices liable for selling these products in Washington would lead to absurd results and is not in accordance with the law.

The FAC's allegations regarding Berla do not revive Plaintiffs' claim. As in the original Complaint, Berla is a red herring. The FAC does not allege Ford and Berla are affiliated entities, or that Ford directed Berla to make recordings – much less any recordings of these Plaintiffs' messages – thus foreclosing any argument that any text messages Berla might later obtain are somehow recorded by Ford. Moreover, the FAC does not allege Berla, law enforcement, or any third party accessed Plaintiffs' text messages that were allegedly stored in Jones's vehicle. As Plaintiffs themselves admit, the "Berla system is not generally available to the public," and there are no allegations that such a system has ever been applied any of their messages, call logs, or other information. (Compl. at ¶ 30). Although not relevant for the current Motion, it is also exceedingly likely that any law enforcement's use of Berla's technology to access text messages would be within the WPA's confines. Assuming Berla's actions would be considered a recording at all, under RCW 9.73.040, law enforcement may record communications pursuant to a court order, which law enforcement no doubt obtains before accessing any text messages on vehicles.

Plaintiffs' allegations of a vehicle, on its own, potentially recording text messages do not fit within the WPA as a matter of law, requiring dismissal.

**C.    Plaintiffs do not sufficiently allege the specific forms of injury the WPA requires.**

Even if the FAC sufficiently alleged Ford's involvement in any recording or intercepting (it does not), the FAC must be dismissed for the independent reason that Plaintiffs fail to sufficiently plead the specific forms of injury the WPA requires. The WPA's private right of action is limited to those "claiming that a violation of this statute has injured **his or her business, his or her person, or his or her reputation.**" RCW 9.73.060 (emphasis added).

At the pleading stage, to maintain a cause of action, Plaintiffs must sufficiently allege the specific types of injuries. *See Streamline*, 2016 WL 3523033, at *8 ("Streamline must plead an

FORD'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 8
Case No. 3:21-cv-05666-DGE

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

injury to its business, person, or reputation, in addition to a violation of the [Washington] Privacy Act, in order sufficiently state a civil cause of action for damages thereunder."); *Brinkley v. Monterey Fin. Servs., LLC*, 340 F. Supp. 3d 1036, 1044-45 (S.D. Cal. 2018) (dismissing WPA claim because the plaintiff failed to allege how the alleged impermissible recording *caused* the injury alleged); *Russo v. Microsoft Corp.*, 2021 WL 2688850, at *3 & n. 3 (N.D. Cal. June 30, 2021) (holding plaintiffs failed to state a WPA claim in part because "plaintiffs do not allege enough facts to draw a reasonable inference that they have been injured by Microsoft's conduct" and their generic statements "that Microsoft used and shared" their data "are far too sparse and conclusory to make the claim of personal injury plausible") (internal citations omitted).

Plaintiffs' vague allegations of injury either (1) fall outside any of the specific categories of injury the statute requires or (2) exemplify "[t]hreadbare recitals of the elements of a cause of action …. [which] do not suffice." *Iqbal*, 556 U.S. at 678. First, as to Jones, the FAC asserts the "interception and recording of Plaintiff Jones' text messages and call logs has injured Plaintiff Jones in his person" because "on information and belief" his text messages "now reside on his Ford vehicle, can be accessed without his authorization by Berla systems, and cannot be deleted by Plaintiff Jones." Compl. at ¶ 115. He additionally alleges injury because he has been "deprived" "of the right and ability to engage in private phone calls and text communications[.]" *Id.* at ¶ 116. McKee alleges the same. *Id.* at ¶¶ 120-121. None of these allegations, accepted as true, pertain to an injury to either Plaintiff's business, reputation, or person, and therefore cannot support a private right of action under the WPA.

Plaintiffs bald allegation that they are injured "in [their] person" is entitled to no weight or deference. This mere recital of the statutory standard does not advance Plaintiffs' position. *See Russo*, 2021 WL 2688850, at *3 & n. 3 (plaintiffs failed to state a claim under the WPA because

FORD'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 9
Case No. 3:21-cv-05666-DGE

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

allegations of harm were conclusory).[5]  The FAC contains *zero* explanation or factual allegations supporting the conclusory assertion that Plaintiffs suffered personal injury as a result of a vehicle downloading text messages or a call log.  Indeed, the allegation on its face is implausible.  *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotations omitted).  Plaintiffs fail to explain, in any way, what personal injury they suffered or the cause of any such injury.  Plaintiffs' allegations of harm are insufficient under the WPA.

　　　　The FAC's invocation of Berla is again irrelevant.  First, as addressed, Plaintiffs make no assertion that Berla, or any third party, has actually obtained their text messages.  Any injury Berla could cause Plaintiffs must therefore be a speculative, hypothetical future injury.  But the WPA, by its plain language, only creates a private right of action if an injury has already occurred.  *See* RCW 9.73.060 (private right of action for "person claiming that a violation of this statute ***has injured*** his or her business, … person, or … reputation") (emphasis added).  Second, even assuming Plaintiffs could rely on hypothetical future injuries, the FAC does not explain why or how Berla obtaining their text messages would cause injury to Plaintiffs' person, business, or reputation.  Third, assuming Plaintiffs did somehow suffer one of the requisite injuries because Berla obtained their text messages, Berla would ostensibly be the entity responsible, not Ford.  Again, there is no allegation Ford and Berla are affiliated entities, or that Ford directed Berla to make the alleged recordings.  Plaintiffs' allegations regarding Berla, for multiple reasons, do not establish the WPA's requisite injuries.

---

[5] Though the statute does not define "injury to their person," the phrase means personal injury. *See, e.g.*, *Russo*, 2021 WL 2688850, at *3 & n. 3 (plaintiffs failed to state WPA claim because "allegations [were] far too sparse and conclusory to make the claim of *personal injury* plausible") (emphasis added); *State v. Kohonen*, 192 Wn. App. 567, 577 (2016) (interpreting RCW 9.61.260's phrase, "injury on the person," to require "an intent to *physically* harm") (emphasis added).

FORD'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 10
Case No. 3:21-cv-05666-DGE

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

**D.      The FAC fails to allege any impermissible recording or interception took place.**

The FAC fails for the additional independent reasons that (1) Plaintiffs, as a matter of law, impliedly consented to any recording of their text messages, and (2) the Complaint's allegations do not establish interception of text messages.

**1.      Plaintiffs consented to have their text messages recorded.**

Washington courts have repeatedly held that people who communicate electronically in writing—such as through text message or email—understand their communications will be digitally preserved and therefore impliedly consent to the recording of such communications under the WPA.

In *State v. Townsend*, the Washington Supreme Court held that, for purposes of the WPA, the defendant impliedly consented to the recording of his emails because "as a user of e-mail [he] had to understand that computers are, among other things, a message recording device and that his e-mail messages would be recorded on the computer of the person to whom the message was sent." 147 Wn.2d at 676. The Supreme Court agreed with the Court of Appeals below that:

> A person sends an e-mail message with the expectation that it will be read and perhaps printed by another person. To be available for reading or printing, the message first must be recorded on another computer's memory. Like a person who leaves a message on a telephone answering machine, a person who sends an e-mail message anticipates that it will be recorded. That person thus implicitly consents to having the message recorded on the addressee's computer.

*Id.*

Following *Townsend*, the Washington Court of Appeals in *State v. Racus* held that by communicating through text messages and email, the defendant "impliedly consented to the communications being recorded, and thus, the recording of the communications was lawful under RCW 9.73.030(1)(a)" because he "had to understand that computers are message recording devices and that his text messages … would be preserved and recorded on a computer." 7 Wn. App. 2d 287, 300 (2019); *see also State v. Roden*, 169 Wn. App. 59, 67 (2012), *rev'd on other grounds*, 179 Wn.2d 893 (2014) (holding defendant "impliedly consented to the recording of his

FORD'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 11
Case No. 3:21-cv-05666-DGE

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

text messages" on someone else's iPhone because by voluntarily sending the messages, "he also anticipated that the iPhone would record and store the incoming messages to allow [the other person] to read them").

Most recently, the Washington Court of Appeals affirmed this line of cases in *State v. Glant*, holding the trial court was correct when it "found that although the [defendant's] e-mail and text message communications … were private, Glant impliedly consented to the recording because … Glant knew that these messages would be preserved." 13 Wn. App. 2d 356, 365-66 (2020) (citations omitted). The court noted that under the WPA, a person consents to recording "by choosing to communicate through a device in which the person knows the information will be recorded." *Id.* at 365 (citing *Racus*, 7 Wn. App. 2d at 299-300). "Glant had to understand," the court held, "that computers and phones are message recording devices and that his e-mails and text messages … would be preserved." *Id.* at 366.

The infotainment system in Jones's vehicle, to the extent it stored any copies of text messages, did so only after Plaintiffs understood their written communications would be preserved, *i.e.*, recorded. Plaintiffs therefore, "kn[o]w[ing] that these messages would be preserved," "impliedly consented to the recording." *Glant*, 13 Wn. App. 2d at 365-66. Further copying of the text messages by Jones's vehicle, or any other device through which text messages traveled, was immaterial. *See Townsend*, 147 Wn.2d at 676 ("A person sends an e-mail message with the expectation that it will be read and *perhaps printed by another person*. To be available for reading or printing, the message first must be recorded on another computer's memory.") (emphasis added) (citation omitted).

Put differently, under *Townsend* and its progeny, there is no question an individual who, like Plaintiffs, sends text messages or emails, necessarily understands such messages will be preserved, and also knows that preservation will occur across multiple devices—just like the defendant in *Townsend* was deemed to have understood that his email would be stored on the computer's memory, read by others, and possibly reproduced by being printed.

FORD'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 12
Case No. 3:21-cv-05666-DGE

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

## 2. Plaintiffs do not sufficiently allege interception.

Based on the FAC's pleaded facts, Plaintiffs have not alleged that an interception of text messages occurred. The Washington Supreme Court has defined "intercept" as to "stop ... before arrival ... or interrupt the progress or course," *Roden*, 179 Wn.2d at 904, and has applied the term when either (1) a communication is impeded before arriving at its intended recipient, or (2) there is real-time eavesdropping on a conversation. *See id.* (interception for purposes of the WPA where messages "were opened, read, and responded to by an officer before they reached" the intended recipient); *State v. Faford*, 128 Wn.2d 476 (1996) (interception where scanner used to eavesdrop on neighbor's phone calls); *State v. Christensen*, 153 Wn.2d 186 (2004) (interception where mother listened to daughter's conversation on the speakerphone).

Here, Plaintiffs' allegations, accepted as true, do not fit within Washington courts' definition of "intercept." Plaintiffs' theory is that "infotainment systems in Ford vehicles … automatically and without authorization record, download, store, and are capable of transmitting, a copy of all text messages *already stored* on smartphones when those phones are connected to the infotainment system." Compl. at ¶ 17 (emphasis added). By definition, a message that is "already stored" on a phone is not one that has been intercepted. While Plaintiffs' current Complaint references some alleged capacity to "instantaneously intercept" text messages or call logs (*see* Compl. at ¶¶ 18, 22), this concept is not explained, nor is any aspect of this operation alleged to prevent a call or message from reaching the operator's phone or its intended recipient. Appending "instantaneously" to the description does not transform this routine function into an interception within the meaning of the WPA. Additionally, because Plaintiffs allege the messages were downloaded from Jones's phone onto his car—necessarily after they were received, as the phone is always the source in the first instance—there is no allegation of real-time eavesdropping (such as when another person listens in on a phone call). Plaintiffs' allegations do not fit within either of the scenarios Washington courts view as interception.

FORD'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 13
Case No. 3:21-cv-05666-DGE

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

Finally, to the extent that Plaintiffs argue that interception includes the prospect of divulgement (*e.g.*, via Berla access, which would, presumably, follow the issuance of a valid search warrant), such alleged conduct is not regulated by the WPA. *See See Kearney v. Kearney*, 95 Wn. App. 405, 412 (1999) ("It is clear that RCW 9.73.030 prohibits only recording or intercepting private phone conversations without the consent of the other party; it does not prohibit disseminating such conversations to others.") (underlining added).

The FAC does not (and cannot) allege impermissible recording or interception and thus fails for this reason alone.

### E.     Plaintiffs' claims for declaratory and injunctive relief, which are not standalone causes of action, must be dismissed.

The prior motion to dismiss clearly explained that there are no freestanding causes of action of declaratory or injunctive relief, as those are remedies, not independent claims. *See, e.g.*, *Kwai Ling Chan v. Chase Home Loans Inc.*, 2012 WL 1252649, at *3 (W.D. Wash. Apr. 13, 2012) ("The court dismisses Plaintiff's counts for declaratory and injunctive relief … because they are remedies and not causes of action."); *id.* ("It is well settled that a claim for 'injunctive relief' standing alone is not a cause of action."); *Hummel v. Nw. Tr. Servs., Inc.*, 180 F. Supp. 3d 798, 810 (W.D. Wash. 2016) ("It is well established that the Declaratory Judgment Act does not create an independent cause of action.") (internal quotation and citation omitted); *Veridian Credit Union v. Eddie Bauer, LLC*, 295 F. Supp. 3d 1140, 1156 (W.D. Wash. 2017) ("[T]he Declaratory Judgment Act only creates a remedy…. Although Veridian may continue to request declaratory and injunctive relief in an amended complaint, these items are requests for relief and not separate legal causes of action.") (internal quotation omitted).  Notwithstanding that Plaintiffs were advised as to the impropriety of those counts, they are repeated in the FAC.

Because Plaintiffs' causes of action for declaratory and injunctive relief are requests for remedies, and necessarily derivative of Plaintiffs' WPA claim (which itself should be dismissed), the declaratory and injunctive relief claims must also be dismissed.

FORD'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 14
Case No. 3:21-cv-05666-DGE

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

## IV.     CONCLUSION

For the foregoing reasons, Ford respectfully requests the Court dismiss the FAC, with prejudice. Plaintiffs have now had two opportunities to state valid claims under the WPA against Ford, and they have failed twice. Ford has not intercepted or recorded any of Plaintiffs' messages, and Plaintiffs have not plausibly alleged otherwise. The inability to shore up their claims after having the deficiencies in the original Complaint documented in Ford's prior motion to dismiss shows that the claims are fundamentally unsustainable. Thus, dismissal with prejudice is appropriate, as leave to amend would be futile. *See, e.g.*, *Stewart v. M&T Mortg. Corp.*, 2012 WL 5421708, at *2 (W.D. Wash. Nov. 6, 2012) (dismissing complaint with prejudice because "any amendment would be futile"); *Cyr v. Wash.*, 2013 WL 179939, at *3 (W.D. Wash. Jan. 16, 2013) (same). Plaintiffs cannot allege Ford, as opposed to Jones's vehicle, accessed text messages and therefore cannot allege a WPA violation.

Respectfully submitted this 18th day of November, 2021.

DLA PIPER LLP (US)

*s/ Anthony Todaro*
Anthony Todaro, WSBA No. 30391
Jeffrey DeGroot, WSBA No. 46839
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Tel:     206.839.4800
Fax:    206.839.4801
E-mail: anthony.todaro@us.dlapiper.com
E-mail: jeff.degroot@us.dlapiper.com

*Attorneys for Defendant Ford Motor Company.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the parties.

Dated this 18th day of November, 2021.

*s/ Paige Plassmeyer*_____
Paige Plassmeyer, Legal Practice Specialist

FORD'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT - 16
Case No. 3:21-cv-05666-DGE

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800